1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUIS REYNALDO JOHNSON,                    No.  2:16-cv-0253 JAM AC P

12              Plaintiff,

13        v.                                   ORDER and

14   JOE A. LIZARRAGA, et al.,                 FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17                                  INTRODUCTION

18           Plaintiff is a state prisoner at Mule Creek State Prison, under the authority of the

19   California Department of Corrections and Rehabilitation (CDCR), who proceeds pro se with a

20   civil rights complaint filed pursuant to 42 U.S.C. § 1983, and request to proceed in forma

21   pauperis.  Plaintiff challenges his March 2015 denial of parole.  The named defendants, sued in

22   both their official and individual capacities, are Cynthia Fritz, Presiding Commissioner at the

23   subject March 26, 2015 hearing convened by the California Board of Parole Hearings (BPH), and

24   Joe Lizarraga, [1] Warden of Mule Creek State Prison.

25           This action is referred to the undersigned United States Magistrate Judge pursuant to 28

26   U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the undersigned

27   _____

     [1]  The Clerk of Court will be directed to correct the spelling of defendant Lizarraga's name on the
28   docket, rather than proceed with plaintiff's misspelling (Lisarraga).

                                          1

1 recommends that this action be dismissed, and plaintiff's request to proceed in forma pauperis be

2 denied as moot.

3                   SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915A

4       I.      Legal Standards for Screening a Prisoner Civil Rights Complaint

5       The court is required to screen complaints brought by prisoners seeking relief against a

6 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8 "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary

9 relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12 Cir. 1984).  The court may dismiss a claim as frivolous when it is based on an indisputably

13 meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

14 327.  The critical inquiry is whether a constitutional claim, however inartfully pled, has an

15 arguable legal and factual basis.

16      A district court must construe a pro se pleading liberally to determine if it states a

17 potentially cognizable claim.  The court must explain to the plaintiff any deficiencies in his

18 complaint and accord plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122,

19 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals

20 of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

21 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550

22 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to

23 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly,

24 550 U.S. at 570).  "While legal conclusions can provide the framework of a complaint, they must

25 be supported by factual allegations."  Id. at 679.  Rule 8 of the Federal Rules of Civil Procedure

26 "requires only a short and plain statement of the claim showing that the pleader is entitled to

27 relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it

28 rests."  Twombly, 550 U.S. at 555 (citation and internal quotation and punctuation marks

omitted).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

II. <u>Allegations of Plaintiff's Complaint</u>

In his complaint (206 pages with exhibits), plaintiff seeks damages and injunctive relief premised on the denial of his parole pursuant to a BPH hearing held March 26, 2015. <u>See</u> ECF No. 1. Plaintiff alleges that defendant BPH Presiding Commissioner Cynthia Fritz "acted outside her duties" to conclude that plaintiff's release would pose an unreasonable risk to public safety, improperly rejected the opinion of a CDCR expert, made multiple false statements and failed to abide by policies promoting the release of elderly inmates (it appears that plaintiff was 65 years of age at time of the hearing, <u>see</u> ECF No. 1 at 5). Plaintiff further alleges that in October 2013 defendant Lizarraga improperly denied plaintiff's "request for treatment for alleged violent offenders per the Governor's order, causing plaintiff to suffer conditions amounting to grievous loss, as one of the [BPH] denials was based upon plaintiff not having taken sex offender treatment, amounting to the loss of plaintiff's parole opportunity[.]" <u>Id.</u>

Plaintiff contends that both defendants, acting in their official and individual capacities, violated plaintiff's "First Amendment right against Illegal Detention, Eighth Amendment right against Cruel and Unusual Punishment and Fourteenth Amendment rights of Due Process and Equal Protection." <u>Id.</u> Plaintiff seeks compensatory and punitive damages, fees and costs, an award of lost potential earnings, and the following injunctive relief: a new and fair BPH hearing, a declaration that "plaintiff's submitted exhibit [state petition for writ of habeas corpus] is definitive and controlling;" an order prohibiting retaliatory conduct by prison officials; and the appointment of counsel. <u>Id.</u> at 4-5.

III. <u>Analysis</u>

Plaintiff's complaint fails to state a cognizable civil rights claim. As a threshold matter, the BPH is a state agency immune from damages suits under the Eleventh Amendment. <u>See</u> <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars

suits against states in federal court); <u>Wolfe v. Strankman</u>, 392 F.3d 358, 364 (9th Cir. 2004) (as

applied to state agencies).  Similarly, prison wardens and BPH commissioners are state officers

entitled to Eleventh Amendment immunity when acting in their official capacities.  <u>See</u> <u>Will v.</u>

<u>Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or

her official capacity is not a suit against the official but rather is a suit against the official's

office.").  BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole

decisions, are absolutely immune from damages liability in their official capacities.  <u>See Sellars v.</u>

<u>Procunier</u>, 641 F.2d 1295, 1302-03  (9th Cir.), <u>cert. denied</u>, 454 U.S. 1102 (1981); <u>cf.</u> <u>Swift v</u>

<u>California</u>, 384 F.3d 1184, 1186, 1191  (9th Cir. 2004) (parole officers not entitled to absolute

immunity for conduct independent of Board's decision-making authority, e.g., in performing

investigatory or law enforcement functions).

Further, all claims for monetary damages by prisoners based on their underlying sentences

or convictions are bound by the favorable termination rule set forth by the Supreme Court in

<u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  As

explained by the Court in <u>Heck</u>, "in order to recover damages for allegedly unconstitutional

conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus[.]"  512 U.S. at 481, 486-87.  In the instant case, absent a decision that the

denial of plaintiff's parole rested on invalid grounds, plaintiff has no basis for pursuing a damages

claim.  Because the March 2015 denial of plaintiff's parole has not been reversed or invalidated,

his damages claims against defendants in their individual capacities are <u>Heck</u>-barred.

For these reasons, the court finds that the complaint fails to state a cognizable civil rights

claim.  Nor would plaintiff's allegations support a cognizable petition for writ of habeas corpus,

even if he pursued only injunctive relief.  Pursuant to the Supreme Court's decision in <u>Swarthout</u>

<u>v. Cooke</u>, 562 U.S. 216 (2011), federal courts may no longer undertake substantive federal habeas

review of state parole decisions.  Federal courts may not intervene in a BPH decision if minimum

procedural protections were provided, i.e., an opportunity to be heard and a statement of the

reasons why parole was denied.  Id. at 219-20.  Substantive challenges to parole decisions are no longer cognizable on federal habeas review.  See e.g. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) ("It makes no difference that [petitioner ] may have been subjected to a misapplication of California's 'some evidence' standard.  A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus.").

For all these reasons, the undersigned finds that the complaint fails to state a cognizable claim and that the deficiencies of the complaint cannot be cured by amendment.  It is therefore recommended that this action be dismissed without leave to amend.  Further, although plaintiff has demonstrated entitlement to proceed in forma pauperis under 28 U.S.C. § 1915(a), see ECF No. 6, it is recommended that no fee be imposed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court correct the spelling of defendant Lizarraga's name on the docket (see n.1, supra).

Additionally, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend;

2.  Plaintiff's motion to proceed in forma pauperis, ECF No. 6, be denied as moot; and

3.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 6, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5